IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JACOB FRANKLIN,

               Plaintiff,

       v.

MARTY CLARKE; COLIN FAGAN;
MICHAEL S. WINTER; GLENN FORD;
TERRY LARSON; and JACKSON COUNTY,
OREGON,

               Defendants.

Civ. No. 1:10-cv-00382-CL

**ORDER AWARDING
ATTORNEY FEES AND COSTS**

CLARKE, Magistrate Judge.

        Plaintiff seeks attorney fees and costs following entry of judgment in his favor against defendant Jackson County on his ORS 659A.199 state claim for unlawful retaliation, for which he was awarded the amount of $209,492.00, plus costs and reasonable attorney fees, and certain equitable relief (#227). Plaintiff has submitted a bill of costs (#233) and moves for attorney fees (#228, #255) to which defendant objects. For the reasons explained, the Court awards a reasonable attorney fee of $272,895.00, and costs in the amount of $12,345.71.

1 - ORDER

## DISCUSSION

### Attorney Fees -- Standards

The parties agree ORS 659A.885 authorizes an award of reasonable attorney fees to plaintiff as the prevailing party on his successful ORS 659A.199 retaliation claim. ORS 659A.885(1)(3). The Oregon Court of Appeals has found that statutes that authorize an attorney fee award to a prevailing party "'authorize an award for the fees reasonably incurred to achieve the success that the party actually achieved.'" Fadel v. El-Tobgy, 245 Or. App. 696, 709 (2011) (quoting Freedland v. Trebes, 162 Or. App. 374, 378 (1999)). In determining the amount of an award of a reasonable attorney fee under Oregon law where attorney fees are authorized by statute, the court shall consider the following factors:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

ORS 20.075(2). The court shall additionally consider the following factors in determining the amount of an award:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

2 - ORDER

(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

ORS 20.075(1)(2). ORS 20.075 further provides that, "(4) Nothing in this section authorizes the award of an attorney fee in excess of a reasonable attorney fee." ORS 20.075(4).

## Attorney Fee -- Hourly Rates

### Hourly Rates of Counsel

Mr. Merten seeks an hourly rate of $450 and Mr. McDougal seeks an hourly rate of $350. Plaintiff's counsel practice at the law firm of Kafoury & McDougal in Portland. Defendant Jackson County objects to the rates requested by plaintiff's counsel as unreasonable and contends that counsel's rates should be based on the Medford community where trial was held, rather than Portland, where plaintiff's counsel have their office. Defendant proposes a rate of $375 for Mr. Merten and $300 for Mr. McDougal based upon the Oregon State Bar Economic Survey for Southern Oregon.

With his reply brief, Mr. Franklin submitted a declaration which shows he was unable to secure counsel in the Medford area. Mr. Franklin states he initially contacted four attorneys who handled employment cases in the Medford area and was told by them that "no attorney in the area would take" his case against the Jackson County Sheriffs Office and that he

would have "a hard time finding anyone in the Rogue Valley" to represent him against the

Sheriffs Office. (Jan. 26, 2012 Franklin Decl. ¶ 3.)  He was referred to a Salem attorney and,

although he found an attorney to represent him, she charged by the hour, and he realized in his

financial circumstances at the time he could not afford to pay an attorney by the hour.  Mr.

Franklin then contacted an attorney in Medford he learned was suing Jackson County, but the

attorney was unable to represent him because of a conflict of interest.  Mr. Franklin was told to

look in Portland for an attorney and was referred to Mr. Merten.  He then contacted Mr. Merten

who agreed to represent him on a contingent fee basis.  On this record, the court will look to rates

in the Portland area in setting a reasonable rate for counsel.

Defendant contends that, even if Portland rates apply, consideration of the rates

charged by attorneys who practice civil rights and employment law in Oregon– even at the 95%

rate– supports  its proposed hourly rates of $375 for Mr. Merten and $300 for Mr. McDougal as

reasonable rates.

The court will use the most recent Oregon State Bar Economic Survey as its initial

benchmark.[1]  Looking at all areas of practice, the 95th percentile rate for an attorney in Portland in

2007 was $375 and the rate adjusted for inflation to 2011[2] is $407, see Robledo v. Orellana, No.

3:11-CV-00758-BR, 2012 WL 442122, at *3 (D. Or. Feb. 10, 2012); for an attorney admitted

---

[1]  See Local Rule 54 Practice Tip to LR 54-3 and the court's website at
http://ord.uscourts.gov.  The Oregon State Bar 2007 Economic Survey and the 2008 Civil Rights
Section Hourly Rate Survey Results are available at
http://www.osbar.org/surveys_research/snrtoc.html.

[2]  The court applied annual inflation factors to each rate in the surveys cited based upon
the Consumer Price Index of .0385 for 2008; –.0034 for 2009; .0164 for 2010; and .032 for 2011.

over 30 years at the 95th percentile the rate was $461, and adjusted for inflation is $500; for an attorney admitted 21-30 years at the 95th percentile the rate was $399, and adjusted for inflation is $433, and at the 75th percentile the rate was $325, and adjusted for inflation is $353. For an attorney in the civil litigation area of practice at the 95th percentile the rate was $350, and adjusted for inflation is $380. The Oregon State Bar 2008 Civil Rights Section Hourly Rate Survey Results, which show results for the entire state, show a 95th percentile rate only for Title VII and general employment law of $400-$424, and adjusted for inflation is $418-$443.

Mr. Merten was admitted to the Oregon bar in 1963. He states in a declaration that he is familiar with what experienced trial lawyers charge in state and federal courts in Oregon, which ranges from $350 to $550 per hour. In a reply declaration, he states he has participated in over 300 trials. Mr. McDougal was admitted in 1989. He states in a declaration that he has tried approximately 100 cases to jury verdict as lead or co-counsel.

In support of counsel's requested rates, plaintiff offers the declaration of Don H. Marmaduke, a Portland attorney who practiced with Mr. Merten for approximately two years until 1973. Mr. Marmaduke sets out several verdicts obtained by Mr. Merten for his clients. Mr. Marmaduke states he remains involved in trials and trial issues and he is familiar with current hourly fees charged by experienced trial lawyers in Oregon state and federal courts. Mr. Marmaduke states that "the reasonable hourly rate charged by Oregon trial attorneys with comparable skill, dedication, and success at trial and trial preparation to that of Mr. Merten is at least $450 per hour" and that his services are worth that rate. (Marmaduke Decl. ¶ 7.) Also offered is the declaration of Charles Williamson, who has practiced in Portland since 1970. He states he is familiar with the billing practices and rates of law firms which bill by the hour, and is

5 - ORDER

personally familiar with Kafoury & McDougal's law practice. He ranks Kafoury & McDougal in the top percentage of plaintiff's law firms. Mr. Williamson states that the hourly rates sought by counsel in this case are at the high end of hourly rates for lawyers in Portland. However, he states that Mr. Merten and Mr. McDougal are in "the small category of plaintiff's attorneys who have consistently been in the top of their field of practice for decades," and the requested rates are appropriate for Kafoury & McDougal. (Williamson Decl. ¶ 5.)

In two District of Oregon cases discussed by the parties, Mr. Merten recovered an hourly rate of $337 in 2006, Turner v. Oregon, Case No. 04-276-KI, slip op. at 4 (D. Or. Sept. 28, 2006), and Mr. McDougal recovered a rate of $186 in 2005, Setttlegoode v. Portland Pub. Schs., No. CV-00-313-ST, 2005 WL 1899376 (D. Or. Aug. 9, 2005).

Mr. Merten is a highly experienced and skilled plaintiff's attorney. Although only moderately complex legally and factually, this was a very difficult and challenging case for Mr. Merten to undertake. There was a high chance plaintiff would not succeed on any of his claims. His dedication to his client's cause was apparent. Although plaintiff was successful on only one subclaim of one claim, he proved his case of retaliation against the Jackson County Sheriffs Office and obtained a jury verdict of more than $200,000. Mr. McDougal is also an experienced plaintiff's attorney. They presented plaintiff's case with skill and ability and they achieved a good result for their client. Mr. Merten and Mr. McDougal also faced very experienced and capable defense counsel.

Mr. Merten states in his declaration there was discussion of mediating the case prior to summary judgment which did not go forward and some attempt by the parties to settle the case on their own which was unsuccessful. He declares the last attempt to settle, about one

month following the court's ruling on summary judgment, was an offer by defendant of $50,000 and an offer by plaintiff of $200,000.

Mr. Merten has been a contingent fee attorney since 1971, taking only a few hourly clients, and the attorney fee in this case is based on a contingent fee agreement.

Considering all of the above in the circumstances of this case, the court finds that rates in the upper range for Portland attorneys are warranted. The court finds that $425 is a reasonable rate for Mr. Merten and $350 is a reasonable rate for Mr. McDougal.

### Hourly Rates of Paralegals

An hourly rate of $125 is sought for each paralegal, David Hess and Linda Galas. Defendant does not object to the $125 hourly rate requested for paralegal time and the court finds the rate sought is a reasonable rate.

### Attorney Fee – Hours Spent by Attorneys and Paralegals

An award of fees is sought based upon 642.71 hours of attorney time by Mr. Merten and 167.5 hours by Mr. McDougal. Mr. Merten submitted time from March 2010 when he began representing plaintiff through some post trial matters in November 2011. Mr. McDougal came into the case in September 2011 after the court's ruling on defendant's motion for summary judgment. His time was spent on trial preparation and trial. Also requested is 171.4 hours of paralegal time by Mr. Hess and 56 hours by Ms. Galas. Defendant contends the number of hours requested is not reasonable.

7 - ORDER

No contemporaneous time records were kept for attorney time in this case. Mr. Merten states in his declaration that Kafoury & McDougal has no time keeping system and he has not used time sheets since 1985. He states he constructed the time sheet submitted by reviewing the court's docket and CM/ECF, his notes, all documents in the case, the firm's central file, and his memory. Mr. McDougal declares he last billed by the hour in the 1990s and has never billed by the hour for litigation. He prepared his time sheet by reviewing electronic data generated by his office, Westlaw download records, word processing records, the files and records of the case, and his memory of the hours worked and activity during trial. Defendant objects to the lack of contemporaneous time records as unreasonable and prejudicial to it in reviewing the time claimed for the tasks performed.

As an example, defendant objects to the time claimed by Mr. Merten for responding to its motion for summary judgment. It contends the time is block billed which does not allow analysis and only a small part of the summary judgment response was devoted to the two state statutory claims that went to trial, only one of which was successful. Mr. Merten requests 66.25 hours for the period May 12 to 24, 2011, for reviewing the file, selecting exhibits, preparing declarations and response memorandum, research on state issues. Mr. Merten states by declaration he did not include in the time sheet any time spent on the unsuccessful federal claims or for briefing the tort claims.

As another example, defendant objects to the 15 hours claimed by Mr. Merten for the period May 5-7, 2011, for summarizing 19 depositions taken in February and March. It contends there is no way to determine which of the depositions were relevant to the two state claims that went to trial or the one state claim which was ultimately successful.

8 - ORDER

Defendant points to time claimed by Mr. Merten for time spent on defendant's motion for leave to file an amended answer to allege an affirmative defense and counterclaim relating to a waiver and release signed by plaintiff, which defendant contends are not applicable to plaintiff's trial issues.

Defendant also notes, in considering the overall result in this case, plaintiff spent considerable time and effort at trial to prove his termination was retaliatory, but the jury found only that the continuation of the IA investigation was retaliatory and did not find that plaintiff's termination was retaliatory.

Defendant proposes that the court reduce each attorney's overall hours by 25% to account for the lack of contemporaneous record keeping and to adjust for hours claimed which are for work unrelated to plaintiff's success at trial.

In his amended complaint, plaintiff alleged federal civil rights claims and state statutory claims, and alleged he was entitled to attorney fees under 42 U.S.C. § 1988 and ORS 659A.885 respectively. Both Mr. Merten and Mr. McDougal were on notice that their requested hours could be reduced in a case in the district court for the lack of contemporaneous time keeping. Although Mr. Merten contends in his reply that Judge King did not reduce his requested hours by 25% for this reason in Turner, 04-276-KI, slip op., supra, as contended by defendant, the court does not agree. After noting that counsel did not keep a detailed account of his time and estimated the time spent on issues common to the successful claim, Judge King reduced the hours submitted by Mr. Merten. Given the lack of actual records, Judge King estimated the minimum time required and found that 300 hours were reasonably spent compared

to the estimate of 400 hours submitted. Id. at 4. And in Settlegoode, supra, in which Mr.
McDougal was one of three attorneys seeking an attorney fee award, Judge Stewart substantially
reduced the requested hours sought because, in part, the time entries were based on inaccurate
estimates with block-billing since the records were not kept contemporaneously; she reduced the
hours by one-third. 2005 WL 1899376, at *6-*8.

   The court finds a 15% reduction in time is reasonable in the circumstances of this
case to account for counsel's failure to keep contemporaneous time records. The court's ruling
in this regard does not reflect any lack of trust in counsel's explanations of the time records or
their estimations of time spent in the case but is made in fairness to defendant who is prejudiced
in its review of the records.


   The court will exclude from Mr. Merten's time the time spent in opposing
defendant's proposed affirmative defense and counterclaim. The court has considered Mr.
Merten's argument in reply as to why he believes this time on the issue enhanced his chance for
success for plaintiff, but the court is not persuaded by it. There is not a sufficient nexus between
the time expended by Mr. Merten and plaintiff's success at trial for him to recover this time. The
court will exclude 16.57 hours from Mr. Merten's time in March and April 2011 spent on the
issue.[3]  Other than the 16.57 hours excluded from Mr. Merten's time, the court finds it
unnecessary to exclude outright any other hours of those claimed by counsel.

---

  [3] Defendant states that at least 17.95 hours were spent by Mr. Merten on defendant's
motion to amend its answer, but the court was unable to identify any entries additional to the
16.57 hours it found.

10 - ORDER

As to paralegal time, defendant objects to the use of two paralegals in this case as unreasonable. Mr. Hess spent time pretrial and assisted daily at the trial of this case. Ms. Galas claims 23 hours related to depositions and she was present at trial, claiming 33 hours for that time. Defendant contends the time spent by Ms. Galas at depositions and at trial was unnecessary and her time should be excluded. The court has reviewed the records and declines to exclude the time spent by Ms. Galas on the case.

However, the court finds it necessary to adjust the claimed hours to reflect plaintiff's overall success in this case. Plaintiff alleged nine legal claims in his amended complaint against Jackson County, Sheriff Winters, and four Sheriffs Office deputies[4]: four federal claims for violation of due process and equal protection and five state claims--three statutory whistle-blower claims and two common law tort claims. Defendant obtained summary judgment on all federal claims, one statutory whistle-blower claim, and both tort claims, leaving two statutory claims against defendant Jackson County only for trial; with the grant of summary judgment as to the federal claims, all of the individual Jackson County Sheriffs Office deputies were dismissed from the case. At trial, the court granted judgment as a matter of law as to the ORS 659A.203 claim. The jury found in plaintiff's favor on one of three subclaims of his ORS 659A.199 claim for whistle-blower retaliation, finding defendant Jackson County had retaliated against plaintiff by continuing the IA investigation and completing the IA Report after his termination; the jury found Jackson County did not retaliate against plaintiff by terminating his

---

[4] One of the Sheriffs Office deputies was dismissed by plaintiff prior to summary judgment.

11 - ORDER

employment or by sending the IA Report to DPSST. Plaintiff's success on the subclaim was

certainly meaningful for him and may well assist him in finding future work in law enforcement.

Judgment was entered for plaintiff awarding $209,492.00 in damages and awarding equitable

relief in the form of destruction of the IA Report and a prohibition against providing any

information contained in the Report. The court grants that there was factual overlap generally

applying to all claims and that evidence of plaintiff's termination was a predicate for his

successful subclaim for retaliation in continuing the IA investigation and completing the Report,

but it is clear from a review of the complaint, the summary judgment pleadings, and the evidence

and argument presented at trial that the focal claim and bulk of the case concerned plaintiff's

termination from employment. Further, some trial preparation and evidence at trial related to the

unsuccessful ORS 659A.203 claim.

      Mr. Merten states that time on the unsuccessful federal claims is not included in

his hours. However, he also asserts that all of the unsuccessful claims were related to his

successful claim. The court does not necessarily agree with that assertion since different facts

and legal theories were involved. However, as to both the pretrial time claimed and the trial time

claimed, it is impossible to discern from the time record how much of the hours claimed

contributed to plaintiff's successful subclaim and how much did not. Accordingly, the court will

reduce the claimed hours (less the time excluded for work relating to defendant's proposed

amended answer) by 10% to reflect the time reasonably spent on plaintiff's successful subclaim.

This reduction applies to both counsels' time and the paralegals' time spent in pretrial matters

and at trial.

12 - ORDER

**Attorney Fees – Supplemental Petition for Attorney Fees**

Plaintiff has filed a supplemental petition for attorney fees, seeking $8,562.00 in attorney fees for preparing the reply to defendant's objections to his motion for attorney fees and costs. Counsel requests $300 an hour for 28.54 hours of attorney time by Mr. Merten and Mr. McDougal.

Time spent in seeking to recover attorney fees is generally recoverable. Defendant filed no written response to this request for fees and made no objection at oral argument of plaintiff's supplemental request for attorney fees. In the initial motion for an award of fees, no time is included for time spent in preparing the motion. The court has reviewed the submission and finds that the hours spent by Mr. Merten should be reduced to 10 hours for a total time by both attorneys of 13.45 hours. The court finds the resulting $4,035 is a reasonable amount to recover for this time.

**Conclusion**

Considering counsel's itemized attorney and paralegal time at the hourly rates found reasonable by the court results in an attorney fee of $272,895: $202,385 for Mr. Merten (469.14 hours at $425 an hour and 10 hours at $300 an hour); $44,960 for Mr. McDougal (125.5 hours at $350 an hour and 3.45 hours at $300 an hour); $19,300 for Mr. Hess (154.4 hours at $125 an hour); and $6,250 for Ms. Galas (50 hours at $125 an hour). Plaintiff does not seek any enhancement in a fee award based on the fact that this is a contingent fee case[5] or for any other

---

[5] Plaintiff asked for a multiplier based upon the contingent fee factor if the court used Southern Oregon hourly rates.

reason. Having considered the relevant factors in the circumstances of this case, the court finds that an attorney fee of $272,895 is a reasonable attorney fee in this case.


**Taxable Costs**

Pursuant to Federal Rules of Civil Procedure 54(d), a federal court may tax specific items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821. Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005) (citing Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987)).

Plaintiff seeks $12,345.71 in taxable costs. Defendant objects to the cost of serving fourteen trial subpoenas on Sheriff Winters and Sheriffs Office deputies as an extra and unnecessary cost. Defendant contends defense counsel would willingly have accepted service of the subpoenas if plaintiff had simply asked. Plaintiff replies he needed to be in charge of when Sheriffs Office personnel would be in court and he need not rely on his opponent to ensure witnesses employed by it would be in court at the desired time.

Plaintiff has the right to subpoena trial witnesses to assure the witness will appear in court at the time desired. While there could have been more communication between plaintiff and defendant regarding Sheriffs Office witnesses, it was not unreasonable for plaintiff to subpoena the witnesses for trial as he did. The court allows the disputed cost.

## ORDER

Based on the foregoing, plaintiff is awarded $272,895.00 in reasonable attorney fees (#228, #255) and $12,345.71 in taxable costs (#233).


14 - ORDER

IT IS SO ORDERED.

DATED this _16_ day of April 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

15 - ORDER